IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID PREBLE, #A0220379, | ) | CIV. NO. 18-00446 DKW-KJM |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION |
| | ) | |
| vs. | ) | |
| | ) | |
| SCOTT HARRINGTON, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court is pro se petitioner David Preble's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). ECF No. 1. Preble challenges his conviction and sentence in *State v. Preble*, CR. No. 99-2363 (Haw. 1st Cir.) (1PC990002363).[1] Because Preble's Third Amended Judgment of Conviction and Sentence in CR. No. 99-2363 was filed on September 24, 2019, and is currently pending on direct appeal before the Hawaii Intermediate Court of Appeal ("ICA"), this Court ABSTAINS from intervening in this matter and DISMISSES the Petition without prejudice to its refiling, if needed, when direct review has concluded.

---

[1]*See* eCourt Kokua, https://jimspss1.courts.state.hi.us/JIMSExternal. (Search Criteria: CAAP-19-0000725; 1PC990002363).

## I. BACKGROUND[2]

On June 7, 2001, Preble was convicted by jury trial of three counts of sexual assault in the first degree and eight counts of sexual assault in the third degree in the Circuit Court of the First Circuit ("circuit court"), State of Hawaii. *See* Pet., ECF No. 1 at PageID #1; *Preble v. State*, 421 P.3d 674, at *1 (Haw. 2018) ("*Preble II*"), *aff'g in part, vacating in part Preble v. State*, 391 P.3d 1245 (Haw. Ct. App. 2017) ("*Preble I*"). The circuit court sentenced Preble to extended terms of imprisonment under Hawaii Revised Statutes ("HRS") § 706-662(4)(a) as a multiple offender.

On December 3, 2004, the ICA affirmed Preble's conviction and sentence. On January 13, 2005, the Hawaii Supreme Court rejected Preble's petition for certiorari. *See Preble II*, 421 P.3d at *1. On February 14, 2005, the circuit court filed a second amended judgment in the case (*see* CR. No. 99-2363), which Preble did not appeal.

On September 26, 2011, Preble filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody pursuant to Rule 40 of the

---

[2]These facts are taken from the Petition, Answer, Preble's state court criminal dockets, and state court judicial opinions. *See* 28 U.S.C. § 2254(e)(1); *McNeal v. Adams*, 623 F.3d 1283, 1285 n.1 (9th Cir. 2010) (holding state court determinations of fact are "presumed to be correct" in habeas proceedings).

Hawaii Rules of Penal Procedure ("HRPP") ("Rule 40 Petition").³ *See Preble I*, 391 P.3d at 1246. On January 30, 2014, the circuit court denied the Rule 40 Petition, and the ICA affirmed on March 17, 2017. *Id.* Preble appealed to the Hawaii Supreme Court.

On June 29, 2018, the Hawaii Supreme Court concluded that Preble was entitled to relief on his claim that his extended term sentences were illegally imposed by facts found by the judge, not by the jury, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Preble II*, 421 P.3d at *2 (citing *Flubacher v. State*, 414 P.3d 161 (2018).⁴ The Hawaii Supreme Court remanded Preble's Rule 40 Petition to the circuit court for resentencing consistent with this decision, and affirmed the ICA's March 17, 2017 Judgment on Appeal in all other respects.

On November 12, 2018, Preble commenced this federal habeas action *before* the circuit court entered an amended judgment of conviction and sentence pursuant to the Hawaii Supreme Court's remand. Preble does not challenge his successful

---

³Preble argued: (1) the State failed to disclose and destroyed exculpatory evidence; (2) ineffective assistance of trial counsel; (3) ineffective assistance of appellate counsel; and (4) his extended term sentences were illegal under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Preble II*, 391 P.3d at 1246.

⁴*Flubacher* holds that the imposition of extended term sentences on facts not found by the jury violates *Apprendi* and is retroactive on collateral petitions. 414 P.3d at 170.

*Apprendi* claim in the Petition, but confines his grounds for relief to those claims that were rejected by the Hawaii Supreme Court.[5]

On March 11, 2019, the Court issued a Preliminary Order to Respond, directing Respondent and Preble to address whether Preble's claims were time-barred under the one-year statute of limitation set forth in 28 U.S.C. § 2244(d). *See* Order, ECF No. 9.

On April 4, 2019, Respondent filed a Response to the Preliminary Order to Respond, ECF No. 11, and on May 16, 2019, Preble filed a Declaration in support of the Petition, ECF No. 12.

On September 24, 2019, the circuit court issued its Third Amended Judgment of Conviction and Sentence in *State v. Preble*, 1PC990002363. *See* https://jimspss1.courts.state.hi.us/JIMSExternal. Neither Preble nor Respondent notified this Court of this material change to Preble's conviction and sentence.

On October 23, 2019, Preble, represented by counsel, filed a Notice of Appeal from the Third Amended Judgment of Conviction and Sentence to the ICA. *See id.* (appellate number CAAP-19-0000724). On February 27, 2020, the ICA granted Preble's second request to extend time to file the Opening Brief, which is

---

[5]Preble alleges (1): a violation of due process based on withheld and destroyed exculpatory evidence; (2) a speedy trial violation pursuant to Haw. R. Penal P. 48; (3) ineffective assistance of trial counsel (who was allegedly unlicensed); (4): ineffective assistance of appellate counsel; and (5) actual innocence.

now due on or before April 3, 2020. *Id.* Preble's appeal therefore remains pending before the ICA.

## II. DISCUSSION

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court generally cannot interfere with pending state criminal proceedings. This holding, commonly referred to as the "*Younger* abstention doctrine," is based on the principle of federal-state comity.[6] *See id.* at 44. The *Younger* abstention doctrine applies to both trial and direct appeal proceedings. *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("For *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign."); *Huffman v. Pursue, Ltd. v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("[A] necessary concomitant of *Younger* is that a party [wishing to contest in federal court the judgment of a state judicial tribunal] must exhaust his state appellate remedies before seeking relief in the District Court[.]"); *Roberts v. Dicarlo*, 296 F. Supp.2d 1182, 1184-85 (C.D. Cal. 2003) (dismissing federal habeas petition pursuant to

---

[6]*Younger* abstention is required when the following three factors are met: (I) state proceedings are ongoing, (ii) the state proceedings implicate important state interests, and (iii) the state proceedings afford an adequate opportunity to pursue federal claims in the ongoing state proceeding. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799-801 (9th Cir. 2001).

*Younger* abstention doctrine while state court direct appeal was pending). "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions," because such intervention "could be proper only under very special circumstances." *Younger*, 401 U.S. at 45-46.

In *Sherwood v. Tomkins*, the U.S. Court of Appeals for the Ninth Circuit stated that: "When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." 716 F.2d 632, 634 (9th Cir. 1983) (footnote omitted). Thus, regardless of the grounds for relief Preble asserts here, "*Sherwood* stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending." *Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013) (citing *Sherwood*, 716 F.2d at 634); *see also Phillips v. Vasquez*, 56 F.3d 1030, 1038 (9th Cir. 1995) (Kleinfeld, J., concurring) ("The [*Younger*] doctrine generally bars habeas corpus petitions in federal court even where the conviction has been affirmed through all available levels of direct review in the state courts, so long as finality has not been achieved regarding the sentence."); *see also Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019) ("Where . . . 'no final judgment has been entered' in state court, the state court proceeding is 'plainly ongoing' for purposes of

*Younger*.") (quoting *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1093 (9th Cir. 2008)).

Preble's direct appeal remains pending on state appellate review. Although Preble challenges only his sentence in this appeal, not the grounds for relief that he asserts in this Petition, if his direct appeal is successful, Preble may receive all of the relief he seeks, rendering this Petition moot. Moreover, until his direct appeal has concluded, this Court cannot interfere in Preble's ongoing state criminal proceedings because no extraordinary circumstances are presented. Preble's Petition is premature, and *Younger* abstention is appropriate.

## III.  CONCLUSION

For the foregoing reasons, the Court ABSTAINS from adjudicating the Petition, which is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: March 27, 2020 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*David Preble v Scott Harrington;* Civil No 18-00446 DKW-KJM; ORDER DISMISSING PETITION

*Preble v. Harrington,* No. 1:18-00446 DKW-KJM; Hab '20 (dsm Younger abst., Sherwood premat.)